IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | No. 4:05cr00328 SWW |
| | * | |
| | * | |
| | * | |
| CHRISTOPHER MONTGOMERY, JR., | * | |
| | * | |
| Defendant. | * | |

ORDER

Before the Court is a motion of defendant to run state time concurrently with federal time and motion for credit for time spent in custody [doc.#58]. The government has responded, in a cryptic two sentences, stating this Court has no jurisdiction to grant defendant's motion in these circumstances for a sentence imposed in 2006. Regardless, defendant has cited no authority that would warrant this Court granting his motion in these circumstances. Rather, the authority to calculate a federal prisoner's period of incarceration for the sentence imposed and to provide credit for time served is delegated to the Attorney General, who acts through the Bureau of Prisons ("BOP"). *Allen v. Nash*, 236 Fed.Appx. 779 (3rd Cir. 2007). In this respect, the BOP has the discretion to order that sentences run concurrently where the federal sentence was imposed before the state sentence and the state judge clearly intended the sentences to be served concurrently. *Id*. Federal courts may consider a claim of error by the BOP through a 28 U.S.C. § 2241 petition for writ of habeas corpus after the prisoner has exhausted his administrative remedies by first presenting his claim to the BOP. *United States v. Chappel*, 208 F.3d 1069 (8th Cir. 2000); *United States v. Sithithongtham*, 11 Fed.Appx. 657 (8th Cir. 2001). Accordingly,

defendant's motion to run state time concurrently with federal time and motion for credit for time spent in custody will be denied without prejudice.

IT IS SO ORDERED this 2nd day of October 2008.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE